UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD MENARD,

      Plaintiff,

vs.            Case No. 5:11-cv-108-Oc-29SPC

UNITED STATES OF AMERICA; PASCO REGIONAL MEDICAL CENTER; LEESBURG REGIONAL MEDICAL CENTER, DR. MARK TIDWELL; BRENT LAUER, RN; IVAN L. NEGRON,

      Defendants.
_____

## ORDER OF DISMISSAL

### I. Introduction

  This matter comes before the Court upon review of the file. Plaintiff Ronald Menard, a federal prisoner who is proceeding in this action *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint). Plaintiff sues the United States of America, Pasco Regional Medical Center, Leesburg Regional Medical Center, Nurse Lauer, Doctor Tidwell, and Doctor Negron, claiming violations of the Federal Tort Claims Act and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (11th Cir. 1971) stemming from a liver biopsy he had at Pasco Regional Medical Center on September 10, 2009. Complaint at 1-2.

### II. Facts

  Plaintiff brings this action under the Federal Tort Claims Act ("FTCA") and <u>Bivens</u>, alleging that the Defendants violated his

Eighth Amendment rights. See Complaint. Specifically, Plaintiff states that he names the United States of America as a Defendant pursuant to the FTCA because while incarcerated at the United States Penitentiary, through the acts of its agents, the Defendant was deliberately indifferent to Plaintiff's medical condition. Id. at 14-15. Plaintiff names Defendants Nurse Brent Lauer, Doctor Mark Tidwell and Doctor Ivan Negron in their individual capacities pursuant to Bivens. Id.

According to the Complaint, Plaintiff had liver biopsy procedure done as part of a routine treatment for hepatis at Pasco Regional Medical Center on September 10, 2009, at approximately 12:00 p.m. Complaint at 11, 17. This procedure was performed by Defendant Negron. Id. Plaintiff alleges that he told Defendant Negron that he was experiencing chest pains after the biopsy was completed, but Negron ignored his complaints. Id. Plaintiff was transferred from the hospital to FCC Coleman's medical unit. At approximately 1:16 p.m., Defendant Lauer, a registered nurse at FCC Coleman, evaluated Plaintiff. Id. at 12. Plaintiff states that he told Defendant Lauer that he was experiencing pain in the chest and abdomen (at a pain-scale of 3). Plaintiff states that Defendant Lauer told him to "return [to medical] immediately if condition worsens." Id. Plaintiff states that Defendant Doctor Tidwell co-signed on the "consultation." Id.

Between 1:30 p.m. and 3:00 p.m., Plaintiff alleges that he

complained of chest pains and told the officer on duty that he could not breathe. The officer on duty contacted Defendant Lauer, but Plaintiff claims no responsive action was taken until 5:07 p.m. when Plaintiff was brought to the medical department. Id. at 12-13. Plaintiff states that Defendant Lauer notified the medical duty officer that Plaintiff must be transferred to a local hospital and gave a verbal order to send an "emergency response." Id. Plaintiff was transferred by ambulance that same day from FCC Coleman to Leesburg Regional Medical Center where he continued to complain of severe pain. Id. at 13, 23.

The next day after surgery, on September 11, 2009, medical personnel at Leesburg Medical Center diagnosed Plaintiff with a collapsed lung, requiring an insertion of a chest tube. Id. Plaintiff claims that the doctors at Leesburg Medical Center attributed his collapsed lung condition to the liver biopsy performed by Defendant Negron the previous day at Pasco Regional Medical Center. Id.

### III. Screening Under § 1915

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a

screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ___, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the

plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### IV. Standards

The FTCA is a limited waiver of the sovereign immunity of the United States government. United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Specifically, the FTCA gives district courts jurisdiction over civil actions on claims against the United States, for personal injury caused by the negligent or wrongful act or omission to act of any government employee, while acting within the scope of employment, if a private person would be liable to the claimant. 28 U.S.C. § 1346(b) & § 2671; see also Trupei v. United States, 304 F. App'x 776, 782 (11th Cir. 2008)(stating "the FTCA authorizes claims against only the United States."). The FTCA

requires that the claimant present his claim to the appropriate federal agency within two years after the claim accrues and the law suit must be commenced within six months after the receipt of a final agency decision. Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001)(citations omitted). The United States is not liable under the FTCA for negligence of "any contractor with the United States." Simpson v. Holder, 184 F. App'x 904, 909 (11th Cir. 2006)(citing 28 U.S.C. § 2671). "The distinction between an employee and an independent contractor turns on the power of the United States 'to control the detailed physical performance of the contractor.'" Id. (quoting Logue v. United States, 412 U.S. 521, 527-528 (1973)). "That is, the United States is not liable for a contractor's negligence unless it supervises the contractor's 'day-to-day operations . . . .'" Simpson, 184 F. App'x at 909 (citing Logue, 412 U.S. at 529).

"Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 12, 18 (1980). The Court has extended Bivens only "'to provide an otherwise non-existent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct.'" Alba

v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008)(citations omitted)(emphasis in original); see Minneci v. Pollard, ___ S. Ct. ___, 2012 WL 43511 *3 (2012)(citing Wilkie v. Robbins, 551 U.S. 537, 550 (2007)(no Bivens action where "alternative, existing" processes provide adequate protection). In fact, Bivens claims against federal officers in their official capacity are barred by sovereign immunity. Bevan v. Steele, 417 F. App'x 840, 841 n.3 (11th Cir. 2011)(citing F.D.I.C. v. Meyer, 510 U.S. 471, 483-86 (1994)). See also Solliday v. Fed. Officers, 413 F. App'x 206, 209-210 (11th Cir. 2011)(citing Corr. Sevs. Corp. v. Malesko, 534 U.S. 61, 71 (2001)(noting that Bivens is only concerned with deterring the unconstitutional acts of individual officers)). Likewise, Bivens actions do not extend to private entities, or employees of private entities, alleged to have acted unconstitutionally under color of federal law. Minneci, 2012 WL 43511 *10 (holding no Bivens remedy for a federal prisoner seeking damages against privately employed prison personnel working at a privately operated federal prison, requiring instead plaintiff to seek a remedy under state tort law); Malesko, 534 U.S. at 69-70 (holding no Bivens remedy available for a prisoner's claim against a private company operating a federal prison).

In order to state a Bivens claim against a federal official in his individual capacity, a plaintiff must allege that: (1) a federal official acting under color of federal law; (2) deprived

him of a right secured by the United States Constitution. <u>Bivens</u>, 403 U.S. at 388; <u>Malekso</u>, 534 U.S. at 71. Because claims under 42 U.S.C § 1983 and <u>Bivens</u> are similar, courts generally apply § 1983 law to <u>Bivens</u> cases. <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995). Similar to § 1983, "[i]t is well established that supervisory officials are not liable under [<u>Bivens</u>] for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003). "[T]he immunities provided federal officials in <u>Bivens</u> are coextensive with those provided state officials in § 1983 actions." <u>Bolin v. Story</u>, 225 F.3d 1234, 1241-42 (11th Cir. 2000).

Consequently, a <u>Bivens</u> action may proceed against federal prison employees in their individual capacity when they act with deliberate indifference to a prisoner's serious medical needs. <u>Carlson</u>, 446 U.S. at 18. This is because "deliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)); <u>Campbell v. Sikes</u>, 169 F.3d 1353 (11th Cir. 1999). In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.

This showing requires a plaintiff to satisfy an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)). A plaintiff must first show that he had an "objectively serious medical need." Id. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citations omitted). "The medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing both: (1) a subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); and (2) a disregard of that risk; and (3) conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Goebert v. Lee County, 510

F.3d 1312, 1327 (11th Cir. 2007)(quoting Farmer v. Brennan, 511 U.S. 825, 842 (1994)). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243. Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). The Supreme Court has concluded that decisions such as whether an x-ray, additional diagnostic techniques, or other forms of treatment are indicated are "[c]lassic example[s] of matters for medical judgment." Estelle, 429 U.S. at 107. The course of treatment chosen by a medical official would appear to be such "a classic example of a matter for medical judgment." See Estelle, 429 U.S. at 107. Thus, no constitutional violation exists where an inmate and a prison medical official merely disagree as to the proper course of medical treatment. See Harris, 941 F.2d at 1505.

### V. Discussion

#### A. Bivens Claims

Plaintiff pursues Bivens claims against Defendants Lauer, Tidwell, Negron, Leesburg Regional Medical Center, and Pasco Regional Medical Center. See Complaint. As previously discussed, to state a Bivens claim a plaintiff must allege: (1) a federal

-10-

official acting under color of federal law; (2) deprived him of a right secured by the United States Constitution. Bivens, 403 U.S. at 388; Malekso, 534 U.S. at 71.

Accepting the facts as true in the Complaint, Defendant Negron, a private physician at Pasco Regional Medical Center who contracts with the Bureau of Prisons, performed the liver biopsy procedure that resulted in Plaintiff's lung collapse. The Complaint contains no allegations that Doctor Negron is a federal employee. To the contrary, the Complaint and attached exhibits show that Doctor Negron is a private doctor working at a private hospital. Accordingly, Plaintiff cannot state a Bivens claim against Defendant Negron because he is a private doctor, not a federal official acting under the color of federal law. See Minneci, 2012 WL 43511; Malesko, 534 U.S. at 69-70; Alba v. Montford, 577 F.3d 1249, 1254 (11th Cir. 2008); see, e.g., Simpson, 124 F. App'x at 910 (recognizing that a private doctor at a similar, local hospital, Leesburg Regional Medical Center, was not subject to Bivens liability). For the same reasons, the Leesburg Regional Medical Center and Pasco Regional Medical Center are subject to dismissal. Consequently, Plaintiff's Bivens claim fails as to Defendant Negron, Leesburg Regional Medical Center, and Pasco Regional Medical Center.

Even if Defendant Negron was subject to a Bivens suit, the Court nevertheless finds that the Complaint fails to state a Bivens

-11-

claims because it fails to allege a violation of the Eighth Amendment. The Court assumes *arguendo* that Plaintiff's collapsed lung constitutes a serious medical need. However, the Complaint contains no allegations that Defendant Negron knew Plaintiff had a collapsed lung. The Complaint only contains allegations that Plaintiff complained of minor chest pain to Defendant Negron after the biopsy was completed. Complaint at 12. And, approximately one hour after the procedure, Plaintiff was back at FCC Coleman and no longer in Doctor Negron's care. Thus, the Complaint does not allege that Defendant Negron acted with deliberate indifference to Plaintiff's serious medical need. At most, the Complaint alleges a negligence claim against Defendant Negron for allegedly causing Plaintiff's lung to collapse. Mere negligence, however, does not arise to a violation of the Constitution to state a <u>Bivens</u> claim. Plaintiff has an adequate remedy in the Florida courts where he can pursue a tort claim against Defendant Negron.

Plaintiff attributes liability to Defendants Lauer and Tidwell based on the alleged poor medical care he received upon his return to FCC Coleman from Pasco Regional Medical Center at 1:16 p.m., which as stated was a little more than an hour after he had the liver biopsy on September 10. Plaintiff states that he told Defendant Lauer that he was experiencing minor pain in the chest and abdomen. <u>Id.</u> at 12 (stating pain at a level 3 on a pain scale). Plaintiff states that Defendant Lauer told him to "return

[to medical] immediately if condition worsens." Id. Plaintiff submits that Defendant Doctor Tidwell co-signed on the consultation. Id. Plaintiff returned to the medical department approximately three hours later and this time complained of increased pain and difficulty breathing. Plaintiff acknowledges that Defendant Lauer notified the medical officer on duty that Plaintiff must be transferred to a local hospital. Id. at 13. Plaintiff was immediately transferred to Leesburg Medical Center by ambulance. Id. The response from prison officials to Plaintiff's inmate grievance, which Plaintiff attaches to his Complaint corroborates these facts:

> [O]n September 10, 2009, you had a liver biopsy performed by the outside contractor physician as part of the routine treatment for hepatitis. You returned to the institution on that same day and were provided pain medication and educated about your condition. Later that afternoon, you returned to the medical department with complaints of increased pain in the right side of your chest and pain while you were breathing. After a thorough examination, it was appropriately determined to send you back to the outside hospital for follow-up treatment. At the hospital you were diagnosed with mild pneumothorax (a collapsed lung). You underwent a chest tube placement and repair and were returned to the institution on September 17, 2009, with no follow-up required. You were educated based on your condition by being provided breathing exercises, and you were also issued a spirometer to assist you with your breathing exercises. Additionally, you were seen on September 19, 2009, to have your dressing changed and to be further monitored. As of today, you have not complained nor signed up for sick call concerning this matter. Although you had post surgical complications, the matter was resolved.

Id. at 17-18.

Assuming *arguendo* that Plaintiff's medical condition constituted a serious medical need, Defendant Lauer listened to Plaintiff's complaints of minor pain, evaluated him, and told him if the pain continued or worsened to return to the medical department. Defendant Tidwell signed-off on the consultation. Approximately three hours later, Plaintiff returned to the medical department complaining of increased pain at a pain level 8 on the pain scale. The Complaint and exhibits attached thereto show that Defendant Lauer promptly took action and informed the chief medical officer that Plaintiff must be immediately brought to the local hospital. That same day, Plaintiff was transferred to Leesburg Medical Center. To the extent Plaintiff attempts to state a claim against Defendant Lauer based on the approximate three-hour delay between his initial report of pain until the second time Defendant Lauer saw him and ordered his emergency transport to a local hospital, Plaintiff does not allege any detrimental effect caused by the delay. Plaintiff underwent reparative surgery for his lung at Leesburg Medical Center and had no complications. Based on the foregoing, the Court finds the Complaint fails to state an Eighth Amendment claim as to Defendants Lauer and Tidwell. Accordingly, pursuant to § 1915 the Court dismisses this action as to Defendants Lauer and Tidwell.

**B. FTCA Claims**

Plaintiff sues the United States of America based on the actions of Defendants Lauer, Tidwell, and Negron. See Complaint. As discussed above, Defendant Negron is a private doctor employed at Pasco Regional Medical Center, which is the private hospital. A physician working at a private hospital does not subject the United States to liability under the FTCA. See Simpson, 184 F. App'x at 909; see also Complaint at 17, 24 (describing Pasco Regional Medical Center as a local, private hospital). There are no allegations in the Complaint that the Bureau of Prisons controlled the day-to-day activities of Defendant Negron. In fact, medical officials at FCC Coleman sent Plaintiff to a different doctor at another local private, hospital after Plaintiff continued to complain of post-procedure pain. As such, the United States is not responsible for Defendant Negron's actions.

Based on the Complaint, Defendants Lauer and Tidwell are employed at FCC Coleman and therefore the Court will assume *arguendo* that Defendants qualify as agents of the United States under the FTCA. According to the Complaint, Plaintiff attributes liability to Defendants Lauer based on the alleged negligent medical care he received upon his return from Pasco Regional Medical Center at 1:16 p.m. on September 10. Plaintiff states that at that time he told Defendant Lauer that he was experiencing minor pain in the chest and abdomen. Complaint at 12. Plaintiff

states that Defendant Lauer told him to "return [to medical] immediately if condition worsens." Id. Plaintiff states that Defendant Doctor Tidwell co-signed on the consultation. Id. Plaintiff states at 5:07 p.m. he was brought to the medical department, and complained of increased pain and difficulty breathing to Defendant Lauer. Defendant Lauer notified the medical duty officer that Plaintiff must be transferred to a local hospital and gave a verbal order to send an "emergency response." Id. at 12-13. That same day Plaintiff was transferred from Coleman to Leesburg Regional Medical Center by ambulance. Id.

Before bringing suit under the FTCA, a plaintiff must exhaust his administrative remedies pursuant to 28 U.S.C. § 2675(a). Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006). Section 2675 prohibits a plaintiff from bringing claims against the United States for money damages or personal injury caused by the negligent or wrongful acts of a Government employee "unless the claimant shall have first presented the claim to the appropriate Federal agency and this claim shall have been finally denied by the agency. . ." 28 U.S.C. § 2675(a). In order to properly present the claim to the appropriate Federal agency, the plaintiff must file an administrative claim that provides: (1) notice of the tort claim sufficient to enable the Government agency to investigate; and (2) a sum certain value of the claim. Burchfield v. United States, 168 F.3d 1252, 1255 (11th Cir. 1999)(citations omitted).

The notice requirement is "minimal." Id. at 1255. However, the claimant still must properly apprise the Government of its potential liability. Bush v. United States, 703 F.2d 491, 495 (11th Cir. 1983). General and conclusory allegations are insufficient to meet the notice requirement when they are "so vague or lacking in detail that the agency cannot be expected to initiate any investigation at all." Burchfield, 168 F.3d at 1257.

Here, based on the records Plaintiff attaches to his Complaint, Plaintiff only provided notice to the Government of his claim against Defendant Negron, the doctor who performed the liver biopsy procedure at the local hospital. Plaintiff never complained about the medical care he received from the medical employees at FCC Coleman, Defendants Lauer and Tidwell. See Complaint at 17-25. Therefore, Plaintiff's administrative claims do not meet the FTCA's notice requirement. Consequently, the Court dismisses the FTCA claims against Defendants Lauer and Tidwell because the Court lacks jurisdiction.

Even if Plaintiff had exhausted his FTCA claims against Defendants Lauer and Tidwell, the Complaint does not state a medical malpractice claim against Defendants. To state a medical malpractice claim under the FTCA, a plaintiff must allege facts satisfying Florida's medical malpractice laws.[1] 28 U.S.C. §

---

[1]Plaintiff's claim against Defendants Lauer and Tidwell constitutes a medical malpractice claim under Florida law, not an
(continued...)

1346(b); FDIC v. Meyer, 510 U.S. 471, 478 (1994)(emphasizing that state law is "the source of substantive liability under the FTCA"). A plaintiff alleging medical negligence in Florida must establish: (1) a duty owed to plaintiff by the defendant; (2) a breach of that duty by allowing conduct to fall below the applicable standard of care; (3) and an injury proximately caused by the defendant's breach of that duty. Torres v. Sarasota County Public Hosp. Bd., 961 So. 2d 340, (Fla. 2d DCA Apr. 13, 2007)(citations omitted); see also Fla. Stat. § 766.102. Assuming Defendants Lauer and Tidwell owed a duty to Plaintiff as the prison's nurse and doctor, respectively, the Complaint nevertheless fails to satisfy all three requisite elements. The Complaint fails to include facts showing that Defendants' breached their duty. Instead, the Complaint alleges that within three hours of having the biopsy procedure and Plaintiff's return to FCC Coleman after Plaintiff complained of increased pain and difficulty breathing, Defendant Lauer directed Plaintiff's transport by ambulance to a local hospital. The Complaint also fails to allege any injury attributable to Defendants Lauer and Tidwell.

ACCORDINGLY, it is hereby

**ORDERED:**

---

[1](...continued)
ordinary negligence claim. Fla. Stat. § 766.106(1)(a).

1. The Complaint is **dismissed** without prejudice pursuant to § 1915A(b)(ii) for the reasons herein.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __18th__ day of January, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record